## CITY OF GROVETON v. COLLINS.
### No. 9811.

Court of Civil Appeals of Texas. Galveston.
March 1, 1932.

Phillips & Bell, of Trinity, for appellant.

Tom F. Coleman, of Lufkin, for appellee.

PLEASANTS, C. J.

This appeal is prosecuted from an order of the judge of the court below, made in chambers, granting a temporary injunction in a suit to set aside a judgment by default and for new trial, upon equitable grounds, brought by appellee against appellant.

Appellee's petition alleges, in substance, that in a suit brought against him by appellant in the court below, to recover delinquent taxes alleged to be due by him to appellant city, and to foreclose a tax lien for such taxes upon property of appellee described in the petition, a judgment by default was rendered against him on October 22, 1931, for the whole amount of taxes claimed by appellant and for foreclosure of a lien therefor upon the property described in the petition.

"That prior to October 22, 1931, and prior to the appearance day of the October term of court, and after plaintiff had been notified or served with citation in said tax suit, he had a conference with N. H. Phillips of the law firm of Phillips & Bell, Attorneys, who were employed by the City of Groveton to represent said City in the collection of its delinquent taxes, and to bring suit therefor if necessary; that plaintiff entered into an agreement with said Phillips of said law firm, under the terms of which this plaintiff's suit was to be dismissed without judgment, and that no judgment would be taken on the suit already filed; the said Phillips agreed with this plaintiff that it would not be necessary for him to make an appearance in said suit; that this plaintiff agreed with said Phillips that he would search his files and settle out of court, without the necessity of making further appearance, any taxes which plaintiff might have been lawfully due the City of Groveton on said property; that thereafter plaintiff considered the matter closed and supposed the suit filed against him would either be dismissed, or passed until proper adjudgment had been had; that plaintiff, except for the understanding and agreement had with said Phillips, would have appeared in court and would have proven in said Cause No. 1600, filed against him, that he was not lawfully due any taxes to the City of Groveton; that no taxes had ever been lawfully assessed against plaintiff's property, and further plaintiff could have produced receipts for the greater part of all the taxes claimed by the City of Groveton to be due it, and would have done so, except for the agreement he had had with said Phillips. * * *

"Plaintiff would further show the court that said judgment was improvidently granted and entered, because this plaintiff had had an agreement with Messrs. Phillips & Bell to adjust any and all taxes that he might be legally due the defendant, City of Groveton, and relying upon such an agreement, this plaintiff did not appear and contest the entrance of said judgment, but relied upon the agreement he had theretofore made being carried out. That this plaintiff, who was defendant in Cause No. 1600, had then, and has now a good defense to said suit asserted by the defendant, City of Groveton in Cause No. 1600, and can defeat, so plaintiff believes, said cause of action so asserted in whole and can show that he is not justly or legally indebted to the City of Groveton in the sum of anything for taxes, and certainly that he

is not indebted to said City in the amount for which judgment was rendered against him; that judgment was rendered against this plaintiff for the total sum of $475.21 and a lien was foreclosed by the defendant City of Groveton on Lots Nos. 1 to 22 inclusive in Block 6 of the City of Groveton and on Lots Nos. 3, 4 and 5 in Block 16 in said City of Groveton."

It further alleges that an order of sale had been issued on the default judgment against him and placed in the hands of J. S. Evans, the sheriff of Trinity county, who has levied thereunder upon the property of plaintiff described in the petition and has ordered said property for sale on January 5, 1932, and that unless restrained by a temporary injunction from so doing the sheriff will sell the property as advertised, thereby causing irreparable injury to plaintiff.

"Plaintiff would further show the court that he has no adequate remedy at law and that the defendants herein in so far as plaintiff knows, are each insolvent and incapable of responding to plaintiff in damages, and unless your honor does grant its most gracious temporary writ of injunction, plaintiff will suffer irreparable injury, accordingly, plaintiff sues (prays) that your honor do issue or cause to be issued its most gracious temporary writ of injunction commanding the defendants and each of them, their agents and representatives to desist from further attempting to sell plaintiff's property and to in all things hold said property free from an incumbrance pending the final determination of this suit. Plaintiff likewise sues (prays) that the judgment hereinbefore mentioned and rendered in cause No. 1600 be in all things set aside and that said cause be reinstated on the docket and that this plaintiff who is defendant in said cause No. 1600, be granted a new trial and that upon a new trial, this plaintiff be permitted to assert his complete and legal defense to said cause of action attempted to be asserted in said cause by the City of Groveton."

The petition which is quite lengthy, contains other allegations attacking the validity of the judgment which we deem unnecessary to set out.

As above indicated, there was no hearing on the application for temporary injunction, and the only pleadings and evidence in the record upon which the trial judge acted in granting the temporary injunction are the sworn allegations in plaintiff's petition. We cannot say upon this state of the record that the trial court erred in granting the temporary injunction.

According to the allegation of the petition, the appellee, relying upon the alleged agreement and promise of appellant's attorney, failed to answer in the case, and present his defenses to appellant's suit. There was doubtless no actual fraud in the failure of appellant to comply with the alleged agreement and promise of its attorney, but it seems clear to us that if appellee as alleged was thereby prevented, or excused, from filing an answer to the suit, before the judgment was rendered, when he learned of the rendition of the judgment by the levy upon and advertisement for sale of his property thereunder his right to have the sale held in abeyance until his suit to set aside the judgment and grant him a new trial can be heard and determined, cannot be doubted. The appellee's remedy by writ of error from this judgment would not be complete and adequate, because none of the facts alleged and relied upon by him in defense of appellant's suit could appear in the record of such proceeding. In these circumstances we think the trial court was justified in enjoining the sale of appellee's property pending a hearing upon the truth of the allegations of the petition, and this is the extent of the injunction issued by the court. The "rule of balance of convenience" is specially applicable in a case of this kind. Appellee's bond will fully protect appellant against any delay caused it in the collection of its debt, and according to the allegations of the petition appellee would suffer irreparable injury if denied the right to present his defenses to appellant's suit. In these circumstances, the refusal of a temporary injunction would cause much greater loss and damage to appellee than its granting could possibly cause the appellant. Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809, 814, Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716, 720, Houston Electric Co. v. Glen Park Co. (Tex. Civ. App.) 155 S. W. 965.

Under this view of the law applicable to the facts disclosed by the record, the judgment must be affirmed, and it is so ordered.

The injunction bond in this case was, probably inadvertently, fixed by the trial judge at an amount less than double the amount of the judgment sought to be enjoined. Upon application of appellant to the court below the appellee should be required to give a bond in the amount required by the statute, article 4648, R. S. 1925.

Affirmed.